Watts, J.
Respectfully, I concur. I agree with the result reached by the Majority and I think that the majority opinion does a fine job comparing and contrasting this case with other cases *278 involving lead-based paint as to source of lead exposure, ie., the source link.[1] I write separately, however, to point out that the Majority’s analysis and holding as to the source of lead exposure ultimately rests on a Hamilton v. Kirson, 439 Md. 501, 96 A.3d 714 (2014),[2] theory of causation, and that the Majority’s holding does not in any way affect or change this Court’s jurisprudence with respect to a Dow v. L & R Props., Inc., 144 Md.App. 67, 796 A.2d 139 (2002), theory of causation.
I agree with the Majority that there are two methods in which a plaintiff in a lead-based paint case can establish a subject property as a reasonable probable source of lead exposure. See Maj. Op. at 265-67, 160 A.3d 1207, 1215-16. These two methods are a Dow theory of causation and what I will term a Kirson theory of causation. As this Court recently explained in Rowhouses, Inc. v. Smith, 446 Md. 611, 659, 133 A.3d 1054, 1083 (2016), when a plaintiff in a lead-based paint case “proceed[sj under a Dow theory of causation—ie., using circumstantial evidence to establish the subject property as a reasonable probable source of lead exposure—[the] plaintiff must rule out other reasonably probable sources.” (Citations and footnote omitted). We held that, under a Dow theory of causation, circumstantial evidence may be used to rule out another property as a reasonable probable source of lead exposure. Id. at 660, 133 A.3d at 1083-84.
By contrast, in Rowhouses, id. at 659 n.13, 133 A.3d at 1083 n.13, we described the Kirson theory of causation as follows:
In [Kirson], 439 Md. at 537-38, 96 A.3d at 736, we recognized that, under certain circumstances, a plaintiff may establish a prima facie negligence case using circumstantial evidence even without excluding other reasonably probable sources of lead—ie., even without proceeding under a Dow *279 theory of causation—and provided the example of the four row houses, in which the subject property was immediately between two houses that had also been built in the 1920s and that had both tested positive for the presence of lead-based paint. We stated that, in that hypothetical, the plaintiff could “present circumstantial evidence from which a jury could infer reasonably that the subject property contained lead-based paint—without having to exclude all other sources of potential exposure to lead[ ] poisoning.” [Kirson], 439 Md. at 538, 96 A.3d at 736 (footnote omitted).
(Brackets in original). In other words, under a Kirson theory of causation, a plaintiff in a lead-based paint case who presents sufficient circumstantial evidence from which a jury could reasonably infer that the subject property contained lead-based paint and was a reasonable probable source of lead exposure is not required to rule out all other reasonable probable sources of lead exposure.
Indeed, in Kirson, 439 Md. at 537, 96 A.3d at 736, we discussed the methods of establishing a property as a reasonable probable source of lead exposure, and explained that “[a] lead-[based Jpaint poisoned plaintiff may prove circumstantially that the subject property contained lead-based paint in a number of ways.” One such way to present a ‘prima facie negligence case is “to exclude other reasonably probable sources of lead, [ ] as in Dow[.]" Kirson, 439 Md. at 537, 96 A.3d at 736. We described an example of a second way to present a prima facie negligence case—the Kirson theory of causation—providing an illustration of a row of four row houses, A, B, C, and D, in which row house B, the subject property, is between row house A and row house C. The interiors of row house A and row house C both had previously tested positive for the presence of lead-based paint. See id. at 537, 96 A.3d at 736. We explained the illustration, stating:
In this hypothetical, row house “B” is the subject property ... that a plaintiff hopes to prove, through circumstantial evidence, contains lead-based paint. Perhaps the row house was razed, however, and direct testing is impossible at the time of the litigation. There exists, however, evidence that *280 these four row houses were built at the same time in the 1920[ ]s and that they were owned as a group by a series of persons or entities through the 1950[]s. Moreover, the City’s records reveal that row houses “A” and “C” ... tested positive previously for lead[-based] paint on the interior of the houses. Thus, in this hypothetical (at least in the absence of evidence of lead abatement measures), the plaintiff is able to present circumstantial evidence from which a jury could infer reasonably that the subject property contained lead-based paint—without having to exclude all other sources of potential exposure to lead[] poisoning.
Id. at 538, 96 A.3d at 736 (footnote omitted). We summarized our reasoning as to the two ways to present a prima facie negligence case, stating: “Where a plaintiff who does not produce evidence to support another theory of causation and, instead, relies on a causation theory similar to that espoused in Dow, the validity of the necessary inference is limited to those circumstances where the plaintiff is able also to exclude other reasonably probable sources of lead exposure.” Id. at 538, 96 A.3d at 736. We concluded, however, that “Dow does not define the only set of circumstantial facts that may satisfy a plaintiffs burden to establish a prima facie negligence case for lead [ ] poisoning.” Id. at 542, 96 A.3d at 739. Indeed, “[t]he pertinent question to be asked is whether the particular circumstantial evidence permits an inference or inferences of the desired ultimate fact or facts as a ‘reasonable likelihood or probability,’ and not a mere ‘possibility.’ ” Id. at 542, 96 A.3d at 739. Thus, we disagreed “with the exclusivity of [the] conclusion” “that the only way to prove a prima facie negligence case circumstantially is to eliminate every other reasonable possibility as an alternative source[.]” Id. at 542, 96 A.3d at 739.
To summarize, under a Dow theory of causation, a plaintiff in a lead-based paint case must rule out other reasonable probable sources of lead exposure, and must produce admissible circumstantial evidence that rules in the subject property as a reasonable probable source of lead exposure. See Rowhouses, 446 Md. at 666, 133 A.3d at 1087. Simply ruling out *281 properties and having the subject property remain with no evidence indicating it as a reasonable probable source of lead exposure would not fulfill the requisite causation link under a Dow theory of causation. Under a Kirson theory of causation, however, a plaintiff in a lead-based paint case must present circumstantial evidence to such a degree that from that circumstantial evidence alone a jury could reasonably infer that the subject property contained lead-based paint and was a reasonable probable source of lead exposure, without the necessity of the plaintiff ruling out all other reasonable probable sources of lead exposure. For example, in the Kirson hypothetical, we indicated that evidence that the four properties were built at the same time and that adjacent properties previously tested positive for the presence of lead-based paint in their interiors, coupled with other circumstantial evidence, would have been sufficient to establish that the subject property contained lead-based paint and was a reasonable probable source of lead exposure.
Given this framework, I think it is worthwhile to point out that, although the majority opinion does not explicitly make the point, it is evident that the majority opinion applies a Kirson theory of causation in this case. Indeed, the majority opinion does not expressly state under which theory of causation it is proceeding. Without identifying any particular theory of causation as the basis for the holding, the majority opinion states: “Construing all reasonable inferences in favor of Rogers, we hold that he has presented sufficient evidence to establish Towanda as a reasonably probable source of lead exposure. Thus, summary judgment was improperly granted on this issue.” Maj. Op. at 272-73, 160 A.3d at 1219-20. In actuality, the Majority utilizes the rationale of a Kirson theory of causation for establishing the subject property in this case as a reasonable probable source of lead exposure. See Maj. Op. at 267-73, 160 A.3d at 1216-20. To be sure, the Majority is correct that this case is factually distinguishable from Kirson, “in which we held that the plaintiffs had not presented sufficient evidence to establish the subject property as a reasonably probable source of their lead exposure.” Maj. Op. at 270, 160 A.3d at 1218. In Kirson, 439 Md. at 542-44, 545-46, 96 A.3d at 739-40, 740-41, although the Court described a theory *282 of causation in which it was not necessary to rule out other reasonable probable sources of lead exposure, the Court actually applied a Dow theory of causation in the two cases before it. Even though the circumstances of the cases may be different, the theory of causation derived from Kirson is applicable here and, when applied by the Majority, results in a different outcome from the two cases involved in Kirson, ie., the facts in this case are sufficient to establish that the subject property contained lead-based paint and was a reasonable probable source of lead exposure under a Kirson theory of causation.
Indeed, the circumstances of this case are strikingly similar to the hypothetical that we posed in Kirson, 489 Md. at 538, 96 A.3d at 736, in which there are four row houses, in which the subject property, row house “B,” which had been built in the 1920s, was immediately between two houses that had been built at the same time in the 1920s and that had both tested positive for the presence of lead-based paint in the interior of the houses and where it was unknown if the fourth row house contained lead-based paint. Central to the Kirson analysis was the circumstance that the property at issue was located between two houses that had been built at the same time and both of the adjacent properties had tested positive for the presence of lead-based paint. In this case, the subject property itself previously had tested positive in 1976 for the presence of lead-based paint in the interior of the house, twenty years before Rogers resided in the subject property, and there had not been a full abatement. These circumstances, coupled with the other evidence identified by the Majority, see Maj. Op. at 267, 160 A.3d at 1216-17, is sufficient circumstantial evidence under a Kirson theory of causation to establish that the subject property contained lead-based paint and was a reasonable probable source of lead exposure, and there was no need for Rogers to rule out other reasonable probable sources of lead exposure. This is essentially the conclusion reached by the Majority and, to my knowledge, this is the first time that a strict Kirson theory of causation has been applied.
Because it is evident that the majority opinion applies a Kirson theory of causation in reaching the determination that *283 the subject property is a reasonable probable source of lead exposure, in my view, it is valuable to explicitly recognize that nothing in the majority opinion purports to alter the Dow theory of causation and the requirement that, when a plaintiff in a lead-based paint case is proceeding under a Dow theory of causation, the plaintiff must rule out other reasonable probable sources of lead exposure. Stated otherwise, the majority opinion does not eliminate from the Dow theory of causation the necessity of ruling out other reasonable probable sources of lead exposure. And importantly, the majority opinion does not eliminate the Dow theory of causation as a required method for a plaintiff in a lead-based paint case to establish a subject property as a reasonable probable source of lead exposure where a plaintiff does not have the level and quality of circumstantial evidence that would satisfy a Kirson theory of causation.
In sum, because there has been a great deal of development in recent years concerning lead-based paint cases and cases must be assessed on a case-by-case basis, to avoid any possible confusion by attorneys or potential misapplications of the majority opinion, I think it sensible to expressly state that the majority opinion applies a Kirson theory of causation in this case because Rogers presented sufficient circumstantial evidence to such a degree that a jury could reasonably infer that the subject property contained lead-based paint and was a reasonable probable source of his lead exposure. As such, Rogers was not required to rule out other reasonable probable sources of lead exposure under the circumstances, and nothing in the majority opinion alters the requirement that, when proceeding under a Dow theory of causation, a plaintiff in a lead-based paint case is still required to rule out other reasonable probable sources of lead exposure.
For the above reasons, respectfully, I concur.

. I also fully agree with the Majority’s analysis as to source causation. Medical causation was not at issue in this case.

. Although this Court's opinion in Rowhouses, Inc. v. Smith, 446 Md. 611, 649, 133 A.3d 1054, 1077 (2016), refers to the case as "Hamilton,” consistent with the majority opinion, I shall refer to the case as "Kirson.” See Maj. Op. at 266-67, 267-68, 269-70, 160 A.3d at 1216, 1217, 1218.